UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | 4:16-cr-00527 |
| MARK DANIEL ADAIR | § § | |

**ADAIR'S BENCH MEMO REGARDING THE PROHIBITED USE OF HIS SUPPRESSED, COERCED STATEMENT FOR ANY PURPOSE**

The Supreme Court and the Fifth Circuit have consistently found that the use of an involuntary statement against a criminal defendant is a violation of due process, and therefore these statements can never be used even for purposes of impeachment. The Supreme Court reinforced the broad nature of this prohibition when writing, "*[a]ny* criminal trial use against a defendant of his *involuntary* statement is a denial of due process of law, even though there is ample evidence aside from the confession to support the conviction." *Mincey v. Arizona*, 437 U.S. 385, 398 (1978)(emphasis original)(quoting *Jackson v. Denno*, 378 U.S. 368, 376). The Court pointed out that statements suppressed because of simple Fifth Amendment violations of *Miranda* could in some circumstances be used to impeach the credibility of defendants because those statements were not deficient in their reliability. However, a defendant's right to be tried free of unreliable statements implicates a Due Process

1

right, and when statements are suppressed because they are involuntary, "any" criminal trial use is prohibited.

More recently, in *Kansas v. Ventris*, the Supreme Court stated, "[w]hether a confession that was not admissible in the prosecution's case in chief nonetheless can be admitted for impeachment purposes depends on the nature of the constitutional guarantee violated. The Fifth Amendment guarantee against compelled self-incrimination is violated by introducing a *coerced* confession at trial, whether by way of impeachment or otherwise." 556 U.S. 586 (2009)(emphasis added). The distinction between the use of statements obtained in violation of *Miranda's* prophylactic protections and those statements suppressed because of government coercion is based on the idea that involuntary confessions are simply not reliable. This distinction dictates that a coerced, involuntary confession is never allowed, mostly because its value as an impeachment tool is fundamentally compromised by the manner in which it was procured.

The Fifth Circuit has incorporated the doctrine of *Jackson v. Denno*, which requires that the government prove by a preponderance of the evidence that a statement is voluntary before it can be heard by a jury, to cases in which the government is attempting to use the statement to impeach a defendant's credibility. *Williams v. Maggio*, 727 F.2d 1387 (5th Cir.)(holding "[t]he requirement that the

statement be shown to have been voluntary applies whether it is offered in rebuttal of the defendant's testimony or as part of the state's case-in-chief.").

This Court previously found that "[the] Government's conduct in this case is impossible to square with even minimum constitutional protections." Memorandum and Order, p. 4. The Court noted that the conduct of government officials in procuring the statement was "deceptive at best" and "seriously coercive." *Id*. at 5. The basis of this Court's ruling was Agent Guerra's statements to the defendant that admitting wrongful conduct was the one chance he had to help himself. The defendant was also told he would get to go on his way if he confessed and was informed that if he did not confess Guerra would have assume that he was causing physical harm to children. The motion to suppress was granted on the basis that the statement was involuntarily as the result of serious coercion on the part of the government.

According to firm doctrine from the Supreme Court as applied by the Fifth Circuit, because the defendant's statement was involuntary as the result of coercion, it cannot be used for any purpose in a criminal trial.

Respectfully submitted,

/s/ Neal Davis

Neal Davis

3

1545 Heights Blvd., Suite 700
Houston, Texas 77008
Office: (713) 227-4444
Cell: (713) 818-3780
Fax: (800) 760-7140
www.NealDavisLaw.com

Jonathan Landers
State Bar No. 24070101
Of Counsel with Neal Davis
917 Franklin St., Suite 300
Houston, Texas 77002
Email: jlanders.law@gmail.com

Defendant's lawyers

## CERTIFICATE OF SERVICE

I certify that a copy of Adair's Bench Memo Regarding The Prohibited Use of His Suppressed, Coerced Statement for any Purpose has been delivered to the Assistant United States Attorneys in this case via the ECF system on 8/20/18.

/s/ Jonathan Landers
Jonathan Landers