UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Criminal No. H-16-527 |
| | § | |
| MARK DANIEL ADAIR, | § | |
| Defendant. | § | |

## GOVERNMENT'S MOTIONS IN LIMINE # 1-6

The United States of America, by and through Ryan K. Patrick, United States Attorney, and Kimberly Ann Leo and Sherri L. Zack, Assistant United States Attorneys for the Southern District of Texas, files this Motion in Limine, as follows:

1. Reference to Matters Required to be Raised by Pretrial Motion (Fed. R. Crim. P. 12(b)(3).

   The United States moves the Court in Limine for an order precluding the Defendant, his attorneys, or any witness from making any comments or references, whether direct or indirect, to matters that are required to be raised, or were raised, before trial, including allegations of improperly motivated prosecution, the credibility of witnesses, comments on policies or procedures, defects in the indictment, or suppression of any evidence and the facts and circumstances that led to that suppression. Any attempt by defense counsel or any witness to present or reference Rule 12 issues to the jury is not relevant evidence on the question of guilt and should not be allowed.

2. Court rulings are not relevant to the Defendant's Guilt.

   The judicial determinations in relation to the suppression of the Defendant's statement

are not relevant. "Evidence is relevant if (1) it has any tendency to make a fact more or less probable than it would be without the evidence and (2) the fact is of consequence in determining the action." Fed. R. Evid. 401.

3. Allowing questioning related to this Court's judicial findings would unnecessarily confuse the issues, mislead the jury, and amount to re-litigating the motion to suppress.

    The court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means. Fed. R. Evid. 103(d). Inadmissible evidence includes evidence that is not relevant, Fed. R. Evid. 402, and evidence that will confuse the issues. Fed. R. Evid. 403. The judicial determinations made by this Court should be excluded. None of the judicial findings made during the course of determining whether the Defendant's statement should have been suppressed have any bearing whatsoever on the Defendant's guilt. Nor do any of the findings make any element of the offenses charged more or less probable.

4. Allowing questioning related to prior cases heard by this or any other Court as well as this or any other Court's judicial findings would unnecessarily confuse the issues, mislead the jury, and amount to re-litigating the motion to suppress.

    The court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means. Fed. R. Evid. 103(d). Inadmissible evidence includes evidence that is not relevant, Fed. R. Evid. 402, and evidence that will confuse the issues. Fed. R. Evid. 403. The judicial determinations made by this or any Court should be excluded. None of the judicial findings made during the course of this case or any other case have any bearing whatsoever on the Defendant's guilt. Nor do any of the findings make any element of the offenses charged more or less probable.

5. The Government would move this honorable Court to preclude the Defendant, by and through his attorney, from offering the attorney's opinion as to the credibility of any particular witness, piece of evidence, or theory of the case, or include as part of his

argument any extrinsic matter with no basis in the evidence or the case, common sense, or a reasonable inference from the evidence (such as comparisons to fictional television series or hypothetical tests that could have been performed that would yield a conclusive result). *U.S. v. Morris*, 568 F.2d 396, 401 (5th Cir. 1978); *see also U.S. v. Handly*, 591 F.2d 1125, 1132 (5th Cir. 1979).

6. Reference to Punishment.

The United States makes this Motion in Limine requesting the Court to order that the defendant and/or defense counsel not provide testimony, ask questions or attempt to elicit answers from any witness regarding the range of punishment for any of the counts of the indictment. Punishment is not an issue for the jury to consider and the sole reason for eliciting such information would be an attempt to prejudice the jury.

WHEREFORE, the United States requests that this Honorable Court grant the government's motion.

    Respectfully Submitted,

    RYAN K. PATRICK
    UNITED STATES ATTORNEY


By:   s/ *Kimberly A. Leo*
       Kimberly A. Leo
       Assistant United States Attorney
       1000 Louisiana, 23rd Floor
       Houston, TX 77002

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Government's Motion in Limine # 1-6 was served on defense counsel in open Court on August 21, 2018. The curriculum vitae for the above-noticed experts has been provided via email to defense counsel.

s/ *Kimberly A. Leo*
Kimberly A. Leo
Assistant United States Attorney

Neal Davis
1545 Heights Blvd., Suite 700
Houston, TX 77008